UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CIVIL ACTION NO. 12-353-MRB-JGW

JACKIE BUCHANAN                                                                         PETITIONER

V.

WARDEN,                                                                                 RESPONDENT
CHILLICOTHE CORRECTIONAL INSTITUTION

## REPORT AND RECOMMENDATION

On May 3, 2012, petitioner Jackie Buchanan filed a *pro se* motion, pursuant to 28 U.S.C. §2254, to vacate or set aside his state conviction and sentence.  Doc. 1.  After an initial review by this Court pursuant to Rule 4 of the Rules Governing § 2254 Cases, it plainly appears from the petition that petitioner's motion is untimely and should be dismissed as such.

The Antiterrorism and Effective Death Penalty Act (AEDPA) states, in pertinent part:

(1) A 1-year statute of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run form the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review . . .

28 U.S.C. § 2244(d).  As stated *supra*, petitioner filed his motion on May 3, 2012.  Therefore, to be timely filed, petitioner's judgment must have become final on May 3, 2011.

Petitioner was indicted on November 22, 2006, on one count of gross sexual imposition and one count of forcible rape of a child under the age of ten.  Doc. 1 at 28; *State v. Buchanan*, 2009 WL 3808519 at *1 (12 Dist. Ohio Ct. of App. 2009).  On January 11, 2008, following a jury trial in the Brown County, Ohio, Court of Common Pleas, petitioner was convicted on both

counts. Doc. 1 at 32-4. The trial court sentenced him to life imprisonment on the one count of forcible rape of a child under ten, ten years of which were mandatory, and three years on the gross sexual imposition count, running concurrently with the life sentence. *State v. Buchanan*, 2009 WL 3808519 at *1.

Petitioner appealed his conviction, and on November 16, 2009, the Ohio Court of Appeals, Twelfth District, reversed and remanded the case to the trial court, finding that petitioner suffered ineffective assistance of counsel and was denied a fair trial. *State v. Buchanan*, 2009 WL 6042 at *6. Following remand, on January 11, 2010, petitioner changed his plea to guilty. This was ostensibly pursuant to a plea bargain with the prosecution, since petitioner pleaded guilty to one count of sexual battery and one count of gross sexual imposition, rather than the more severe charge of forcible rape of a child under the age of ten, for which he was charged and found guilty in the previous trial. As a result, petitioner received a sentence of eight years of mandatory prison for the sexual battery count, and two years mandatory prison for the gross sexual imposition count, running consecutively. Doc. 1 at 22. The Court entered judgment on January 13, 2010. *Id.*

From January 13, 2010, when petitioner's judgment became final, to May 3, 2012, when petitioner filed his habeas petition, petitioner does not appear to have filed any applications for state post-conviction or other collateral review that would toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Even granting petitioner thirty days to file an appeal of the judgment under Ohio Appellate Rule 4 (or even the forty-five day window to seek review by the Ohio Supreme Court), petitioner's motion is still substantially late. Therefore, because petitioner's motion was filed more than one year after the judgment became final, his petition is untimely and should be

dismissed.

**IT IS RECOMMENDED**:

1. Petitioner's petition for relief from his conviction or sentence [Doc. 1] is untimely and should be **dismissed**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This 24th day of August, 2012.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge