UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jackie Buchanan,

    Petitioner,                                     Case No. 1:12cv353

    v.                                               Judge Michael R. Barrett

Warden,
Chillicothe Correctional Institution,

    Respondent.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 24, 2013, Report and Recommendation ("R&R") dismissing Petitioner's *pro se* habeas petition. (Doc. 2). The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely Objections to the R&R. (Doc. 4). For the following reasons this Court overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

Petitioner Jackie Buchanan is a prisoner in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio. On May 3, 2012, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, to vacate or set aside his state conviction and sentence.

On January 11, 2008, in the Brown County Court of Common Pleas, a jury convicted Petitioner of one count of gross sexual imposition and one count of forcible

rape of a child under the age of ten.  (Doc. 1 at 32-4).  The trial court sentenced Petitioner to life imprisonment on the count of forcible rape of a child under ten, and three years on the count of gross sexual imposition.  *State v. Buchanan*, No. CA2008-04-001, 2009 WL 3808519 at *1 (Ohio Ct. App. Dist. 12, Nov. 16, 2009).  Petitioner appealed his conviction based on ineffective assistance of counsel.  *Id.*  The Ohio Court of Appeals, Twelfth District, reversed and remanded the case to the trial court.  *Id.* at 6.

Following remand, Petitioner changed his original plea from "not guilty" to "guilty," apparently as a result of a plea bargain, which reduced Petitioner's counts to one count of sexual battery and one count of gross sexual imposition.  (Doc. 1 at 22).  On January 13, 2012, Petitioner was sentenced to eight years of mandatory imprisonment for the count of sexual battery, and two years of mandatory imprisonment for the count of gross sexual imposition.  *Id.*

In the R&R, the Magistrate Judge concludes that pursuant to 28 U.S.C. § 2244(d)(2), the petition was untimely filed.  (Doc. 2).  The Magistrate Judge noted that Petitioner did not file any applications for state post-conviction or other collateral review that would toll the statute of limitations.  (Doc. 2); *see also* 28 U.S.C. § 2244(d)(2).  The Magistrate Judge explained that Petitioner's judgment became final thirty days after it was entered because that is when the time to appeal under Ohio Appellate Rule 4 expired.  (Doc. 2).

In his Objections, Petitioner argues that his petition is not untimely because he received two judgments under the same trial number, and therefore the judgments are not final.  Petitioner states that his second conviction, following remand and pursuant to a plea agreement, is "an absolute nullity."  Petitioner argues that he was not issued a

2

new trial number on remand, and thus his commitment papers and judgment are void; explaining that "no defendant can go to a jury trial and be convicted by a jury and sign a plea agreement on the exact same trial no. 2006-2332 without a different statute. . ." (Doc. 4, at 1). In support, Petitioner cites § 25 of the First Judiciary Act of 1789. In addition, Petitioner states that he is innocent of all charges and the State of Ohio forced him to sign a plea agreement. (Id. at 2).

Under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year statute of limitations applies to all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254. The statute provides:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;…

28 U.S.C. § 2244(d)(1). As the Magistrate Judge explained, the judgment became final on February 12, 2010. Petitioner did not file his petition until May 3, 2012, which is well outside the one-year statute of limitations. The one-year period of limitations is tolled for that amount of time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, there is no record that Petitioner filed any applications for state post-conviction or other review.[1] Therefore, Petitioner's claims are time-barred.

---

[1] In his petition, Petitioner states that he did not raise any of the issues in his petition in post-conviction proceedings.

Petitioner claims that he is actually innocent of the crimes to which he plead guilty. The Sixth Circuit has held that equitable tolling of the one-year statute of limitations period in habeas cases may be available upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). However, in order to demonstrate actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner has not provided any support for his claim that he is actually innocent. Therefore, the Court concludes that Petitioner's petition is DISMISSED.

Before a petitioner may appeal a denial of his habeas petition, he must first obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a "constitutional right." 28 U.S.C. § 2253(c)(2). However, when a district court denies habeas relief on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate may issue if the prisoner shows that (1) a reasonable jurist would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In order for a certificate to issue when habeas relief is denied on a procedural ground, both prongs of this test must be satisfied. *Id*.

Petitioner has not met this burden. Reasonable jurists would not find it debatable as to whether this Court was correct in its procedural ruling that the petition was untimely and petitioner was not entitled to equitable tolling. "Where a plain procedural

4

bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Therefore, this Court declines to issue a certificate of appealability.

For the same reasons that the Court dismisses the habeas petition as time-barred by the statute of limitation, the Court further finds there is no good-faith basis for an appeal from this decision. The Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R.App. P. 24(a) that any appeal from this decision by Petitioner would be frivolous and not taken in good faith.

Based on the foregoing, it is hereby **ORDERED** that:

1. Petitioner's objections to the Report and Recommendation (Doc. 4) are not well-taken and are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation (Doc. 2);

3. Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED WITH PREJUDICE;**

4. A certificate of appealability will not issue with respect to this order under the two-part standard established in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. *See* 28 U.S.C. § 2253(c) and Fed. R.App. P. 22(b);

5. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal *in forma pauperis*. *See* Fed. R.App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir.1997); and

6. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                                                                          */s/ Michael R. Barrett*

JUDGE MICHAEL R. BARRETT